UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:19-cv-04804-TWP-TAB<br>) |
| BOBBY PEAVLER,<br>WILLIAM ERIC MEEK, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |
| UNITED STATES OF AMERICA,<br>DEPARTMENT OF JUSTICE, | )<br>)<br>)<br>) |
| Intervenor. | ) |

**FINAL JUDGMENT AGAINST BOBBY PEAVLER AND WILLIAM ERIC MEEK**

The Securities and Exchange Commission having filed a Complaint and Defendants Bobby Peavler ("Peavler") and William Eric Meek ("Meek") (collectively "Defendants") each having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph X) waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Peavler and Meek are permanently restrained and enjoined from aiding and abetting any violation of

Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, Adjudged, And Decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Peavler's or Meek's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Peavler or Meek or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Peavler and Meek are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that files with the Commission, any information, document, or report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Rules thereunder,

including but not limited to annual reports on Form 10-K [17 C.F.R. § 249.310], current reports on Form 8-K [17 C.F.R. § 249.308], and quarterly reports on Form 10-Q [17 C.F.R. § 249.308a], which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or which omits to disclose any information required to be disclosed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Peavler's or Meek's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Peavler or Meek or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Peavler and Meek are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) by knowingly or recklessly providing substantial assistance to an issuer that fails to make or keep books, records, or accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Peavler's or Meek's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Peavler or Meek or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Peavler and Meek are permanently restrained and enjoined from, directly or indirectly, violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by:

(a) making or causing to be made a materially false or misleading statement to an accountant in connection with the preparation of required reports and documents; or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(1) any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or

(2) the preparation or filing of any document or report required to be filed with the commission pursuant to this subpart or otherwise;

(c) taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of an issuer that are required to be filed with the Commission pursuant to this subpart or otherwise if that person knew or should have known that such action, if successful, could result in rendering the issuer's financial statements material misleading including, but not limited to, actions taken at any time with respect to the professional engagement period to coerce, manipulate, mislead, or fraudulently influence an auditor:

(1) to issue or reissue a report on an issuer's financial statements that is not warranted in the circumstances (due to material violations of generally accepted

accounting principles, the standards of the PCAOB, or other professional or regulatory standards);

 (2) not to perform audit, review or other procedures required by the standards of the PCAOB or other professional standards;

 (3) not to withdraw an issued report; or

 (4) not to communicate matters to an issuer's audit committee.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Peavler's or Meek's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Peavler or Meek or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Peavler is permanently restrained and enjoined from, directly or indirectly, violating by Rule 13a-14 of the Exchange Act, [15 U.S.C. § 7241], [17 C.F.R. § 240.13a-14] from falsely signing personal certifications indicating that they have reviewed period reports containing financial statements which an issuer filed with the Commission pursuant to Section 13(a) [15 U.S.C. § 78m(a)] of the Exchange Act and that, based on their knowledge,

 (a) These reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and

 (b) That information contained in these reports fairly present, in all material respects, the financial condition and results of the issuer's operations.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant Peavler's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Peavler or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendants Peavler and Meek are each prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] for three (3) years.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Peavler and Meek are each individually liable for a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Peavler shall satisfy this obligation by paying $50,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VIII below after entry of this Final Judgment.  Defendant Meek shall make this payment within 14 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the respective Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making payment, Defendant Peavler and Defendant Meek each relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to either Defendant Peavler or Meek.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, a Fair Fund is created so that any collected civil penalty can be distributed for the benefit of affected investors (the "Fair Fund"). Upon the funding of the Fair Fund through the collection of funds in partial and/or complete satisfaction of this Final Judgment and upon the SEC staff's confirmation with the

Department of Justice ("DOJ"), in writing, that the DOJ's distribution to affected investors is ongoing in the related criminal proceeding, *U.S. v. Celadon Group, Inc*., 19-cr-00141-JMS-KMB (S.D. Ind.) (the "Related Criminal Action"), the SEC shall transfer the Fair Fund, net any costs, to the CELADON DEFERRED PROSECUTION AGREEMENT QSF c/o Epiq Class Action and Claims Solutions, Inc., as further directed by the Department of Justice.  If the Department of Justice has completed its distribution in the Related Criminal Action and/or is otherwise unable to accept additional funds from the Fair Fund, the SEC shall hold the Fair Fund pending further Court order.

     Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, neither Defendant Peavler or Meek shall, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Peavler's or Meek's payment in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Peavler's or Meek's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant Peavler and Defendant Meek shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Peavler and/or Defendant

Meek by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

Defendant Peavler shall pay the total penalty due of $50,000 in two installments to the Commission according to the following schedule: (1) $10,000 within 7 days of entry of this Final Judgment; (2) $40,000 within 364 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant Peavler shall contact the staff of the Commission for the amount due for the final payment.

If Defendant Peavler fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Defendants Peavler and Meek are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants Peavler and Meek, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants Peavler and Meek under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants Peavler and Meek of the federal securities laws or any regulation or order issued under such laws as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk is directed to **terminate this action**. Either party may petition the Court to reopen this matter if enforcement proceedings become necessary.

Date: 3/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Distribution to all electronically registered counsel of record via CM/ECF